UNITED STATES OF AMERICA,

        Plaintiff,

**23-CR-113**

v.

Case No. 23 CR ___

MARKITA BARNES,

[Title 18, U.S.C. §§ 1347, 1035, 1028A, 1957 & 42 U.S.C. § 1320a-7b(b)]

        Defendant.

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

1. At all times material to this indictment:

    a. Defendant MARKITA BARNES owned and operated Here For You Prenatal Care Coordination Services LLC ("HFY").

    b. HFY was a Prenatal Care Coordination ("PNCC") and Childcare Coordination ("CCC") company, which billed Wisconsin Medicaid ("Medicaid") for services purportedly provided to pregnant women and mothers in Milwaukee, Wisconsin.

<u>The Wisconsin Medicaid Program</u>

    c. Medicaid was a program jointly funded by the federal government and participating states to provide health insurance to indigent families with dependent children and to aged, blind, and disabled individuals whose income and resources are insufficient to meet the cost of medical services. 42 U.S.C.

1

§§ 1396, et seq. (the "Medicaid Act").

d. Wisconsin participates in the Medicaid program ("Wisconsin Medicaid"). In Wisconsin, the Medicaid program was established pursuant to Wisconsin Statutes Chapter 49 and its administrative regulations. The United States pays for a portion of the program.

e. To participate in the Medicaid program, a provider must enter into a written Medicaid Provider Agreement (the "Provider Agreement") with the Wisconsin Department of Health Services in which the provider certifies that every claim submitted is truthful and that the services billed have been furnished in accordance with state and federal law. The Provider Agreement also requires a certification that the provider has not offered, paid, or received anything of value in return for the referral or provision of Medicaid-covered services.

f. The Medicaid Provider Agreement detailed that the provider would be governed by the rules and regulations set forth in the ForwardHealth Online Handbook ("Handbook").

g. The PNCC and CCC benefits were governed by rules and regulations set forth in the Handbook and updates issued through the ForwardHealth Portal at www.forwardhealth.wi.gov.

### The PNCC Benefit and PNCC Handbook

h. The PNCC benefit is intended "to improve birth outcomes among women who are deemed at high risk for poor birth outcomes."

i. The benefit was created, in part, because Wisconsin has historically

2

had the highest rate of infant mortality for African-Americans in the nation.

j. PNCC services are supposed to ensure that women at high risk: (1) are identified as early as possible in their pregnancy; (2) receive individual psychosocial support and services; (3) receive early and continuous prenatal care services; (4) receive necessary health and nutrition education; (5) are referred to available community services, as appropriate; and (6) receive assistance in accessing and obtaining needed health and social services.

k. PNCC service providers were required to bill only for services actually provided and only for the actual time spent providing covered services.

## The CCC Benefit and CCC Handbook

l. The CCC benefit was added as an extension of the PNCC benefit. Its purpose was to "promote positive parenting, improve child health outcomes, and prevent child abuse and neglect."

m. The benefit explicitly did not cover direct services.

n. CCC service providers were supposed to focus on: (1) improving family functioning; (2) improving parenting skills and positive parenting outcomes; (3) increasing members' understanding of infant and child development; (4) increasing members' access to and appropriate use of health care delivery system; (5) improving employment outcomes; (6) encouraging planned pregnancies; and (7) improving future birth outcomes.

## The Scheme

2. Beginning by at least October 2020, and continuing through December

3

2021, in the State and Eastern District of Wisconsin and elsewhere,

**MARKITA BARNES**

knowingly and willfully executed and attempted to execute a scheme to defraud a health care benefit program, namely Wisconsin Medicaid, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of such program, in connection with the delivery of and payment for health care benefits, items, and services.

    3.    BARNES executed the scheme in the following ways:

    a.    As part of the scheme, BARNES advertised on Facebook, and in the community, for pregnant and new mothers to enroll in HFY's PNCC and CCC program. BARNES often induced women to enroll by offering free baby supplies such as diapers, wipes, and strollers.

    b.    As part of the scheme, BARNES hosted "community baby showers" during which women would be given free baby items such as strollers, car seats and pack 'n plays in exchange for enrolling in the program.

    c.    As further part of the scheme, BARNES directed her employees to provide supplies to the enrolled member.

    d.    BARNES incentivized her employees to inflate their billings to Wisconsin Medicaid by tying their earnings to the amount they billed Wisconsin Medicaid.

    e.    BARNES instructed her employees to falsify billing submissions to Wisconsin Medicaid that knowingly misstated the duration, frequency, date, and

4

nature of the services provided.

      f.      BARNES, and other individuals she directed and controlled, submitted claims for payment to Medicaid based on false and fraudulent statements.

4.      As part of this scheme, BARNES submitted and caused to be submitted bills totaling over $2.5 million, which contained false and fraudulent statements, and which caused Wisconsin Medicaid to pay her over $2.3 million to which she was not entitled.

## COUNTS ONE THROUGH TEN
(Health Care Fraud)

5.      On or about the dates set forth below, in State and Eastern District of Wisconsin and elsewhere,

**MARKITA BARNES,**

for the purpose of executing the scheme described above, and in connection with the delivery of and payment for health care benefits, items, and services, knowingly and willfully submitted and caused the submission of the following false and fraudulent claims on the dates below, which falsely represented the nature of the provider's interaction with the member indicated below, falsely represented that covered services were provided, and falsely represented the amount of time spent providing covered services, which caused payments in the following amounts:

| Count | Service Date | Billed Date | Member | Amount Billed | Amount Paid |
|---|---|---|---|---|---|
| 1 | 10/23/2020 | 1/26/2021 | J.J. | $200 | $86.48 |
| 2 | 11/6/2020 | 8/18/2021 | S.S. | $100 | $86.48 |
| 3 | 11/9/2020 | 3/22/2021 | A.E. | $100 | $86.48 |
| 4 | 11/17/2020 | 1/27/2021 | L.A. | $200 | $86.48 |
| 5 | 12/30/2020 | 2/3/2021 | R.J. | $200 | $86.48 |
| 6 | 1/1/2021 | 8/30/2021 | D.B. | $100 | $86.48 |
| 7 | 10/25/2020 | 7/23/2021 | P.W. | $100 | $86.48 |
| 8 | 12/23/2020 | 7/23/2021 | D.R. | $100 | $86.48 |
| 9 | 8/6/2021 | 8/25/2021 | E.R. | $66.24 | $66.25 |
| 10 | 11/27/2020 | 9/1/2021 | D.R. | $100 | $86.48 |

Each in violation of Title 18, United States Code, Sections 1347 and 2(a).

## COUNT ELEVEN
(Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

6.  On or about January 26, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

knowingly possessed and used, without lawful authority, a means of identification of another person, specifically the name, date of birth, and Wisconsin Medicaid ID number of J.J., during and in relation to the felony offense of health care fraud, in violation of 18 U.S.C. § 1347, as charged above in Count One, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWELVE
(Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

7. On or about March 22, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

knowingly possessed and used, without lawful authority, a means of identification of another person, specifically the name, date of birth, and Wisconsin Medicaid ID number of A.E., during and in relation to the felony offense of health care fraud, in violation of 18 U.S.C. § 1347, as charged above in Count Three, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTEEN
(False Statements Relating to Health Care Matters)

**THE GRAND JURY FURTHER CHARGES THAT:**

8. On or about May 3, 2021, in the State and Eastern District of Wisconsin,

## MARKITA BARNES

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, specifically asserting that she spent two hours providing covered services to J.J. on April 2, 2021, by assisting J.J. with parenting classes when, in fact, Barnes never provided assistance with parenting classes and any other educational resources to J.J. and did not spend two hours providing services to J.J. at any point, in connection with the delivery and payment for health care benefits, items, and services involving Wisconsin Medicaid, a health care benefit program as defined in 18 U.S.C. § 24(b).

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT FOURTEEN
(False Statements Relating to Health Care Matters)

**THE GRAND JURY FURTHER CHARGES THAT:**

9. On or about June 28, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, specifically asserting that she spent two hours providing covered services to D.D. on June 3, 2021 by assisting D.D. with an appointment with WIC, when, in fact, Barnes never assisted D.D. with WIC services, and never spent two hours providing services to D.D., in connection with the delivery and payment for health care benefits, items, and services involving Wisconsin Medicaid, a health care benefit program as defined in 18 U.S.C. § 24(b).

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT FIFTEEN
(False Statements Relating to Health Care Matters)

**THE GRAND JURY FURTHER CHARGES THAT:**

10. On or about June 1, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, specifically asserting that she spent two hours providing covered services to L.R. on May 9, 2021, by assisting L.R. in starting W-2 and food stamps, when, in fact, Barnes never assisted L.R. with W-2 and food stamps, and never provided two hours of services to L.R., in connection with the delivery and payment for health care benefits, items, and services involving Wisconsin Medicaid, a health care benefit program as defined in 18 U.S.C. § 24(b).

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT SIXTEEN
(Offering or Paying a Healthcare Kickback)

THE GRAND JURY FURTHER CHARGES THAT:

11. On or about January 20, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

knowingly and willfully offered to pay and paid, renumeration, namely free baby-care items and a $100 to individuals on Facebook, to induce those individuals to purchase, lease, order, and arrange for the purchase, lease, and order of prenatal and childcare coordination services, an item and service, for which payment may be made in whole or in part under Wisconsin Medicaid, a Federal health care program.

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## COUNT SEVENTEEN
(Offering or Paying a Healthcare Kickback)

**THE GRAND JURY FURTHER CHARGES THAT:**

12. On or about April 29, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

knowingly and willfully offered to pay and paid, renumeration, namely between $25 and $50, to induce R.M.J. to refer individuals to Here For You for prenatal care coordination and childcare coordination, an item and service, for which payment may be made in whole or in part under Wisconsin Medicaid, a Federal health care program.

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT EIGHTEEN
(Offering or Paying a Healthcare Kickback)

**THE GRAND JURY FURTHER CHARGES THAT:**

13. On or about February 3, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

knowingly and willfully offered to pay and paid renumeration, namely $50, to induce J.J. to refer individuals to Here For You for prenatal care coordination and childcare coordination, an item and service, for which payment may be made in whole or in part under Wisconsin Medicaid, a Federal health care program.

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

14

Case 2:23-cr-00113-PP-SCD    Filed 06/21/23    Page 14 of 18    Document 1

## COUNT NINETEEN
(Obstruction of a Healthcare Fraud Investigation)

THE GRAND JURY FURTHER CHARGES THAT:

14. Between in or about December 2021 and August 2022, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

willfully attempted to prevent, obstruct, mislead, and delay the communication of information and records relating to the scheme outlined above, a violation of a federal health care offense, by instructing her care coordinators to "remind" their clients that they provided resources and to tell investigators, including a criminal investigator duly authorized by the Federal Bureau of Investigation, an agency of the United States, to conduct and engage in investigations for prosecutions for violations of health care offenses, that the information on the progress notes used to support billing Medicaid was true.

In violation of Title 18, United States Code, Section 1518.

## COUNT TWENTY
(Engaging in Unlawful Monetary Transactions, 18 U.S.C. §1957)

**THE GRAND JURY FURTHER CHARGES THAT:**

15. Paragraphs 1-5 of the Indictment are realleged and incorporated here and the following is further alleged.

16. On or about August 5, 2021, in the State and Eastern District of Wisconsin,

**MARKITA BARNES**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is a purchase of a cashier's check payable to Motor Werks of Barrington in the amount of $74,593.75 which was used to purchase a 2019 Mercedes Benz, GLE43C4 passenger car bearing vehicle identification number (VIN) 4JGED6EB9KA154318, such property having been derived from a specified unlawful activity, that is, healthcare fraud committed in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Section 1957.

# FORFEITURE NOTICE

2. Upon conviction of any of the offenses alleged in Counts 1-10 and 13-19, the defendant, MARKITA BARNES, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from the proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

    a. a custom diamond-crusted "KITA" pendant purchased in July 2021 from Paks Jewelers LLC;

    b. a custom diamond-crusted "JETT" pendant purchased in July 2021 from Paks Jewelers LLC;

    c. a set of diamond cluster earnings purchased in July 2021 from Paks Jewelers LLC;

    d. a Rolex Datejust Watch Model No. 16013, Serial No. 9889781 with custom diamond bezel and dial, purchased in July 2021;

    e. a 2019 Mercedes Benz GLE43C4, VIN: 4JGED6EB9KA154318;

    f. a 2008 Audi Truck Q7 passenger car bearing vehicle identification number (VIN) WA1BY74L78D031047; and

    g. a money judgment for a sum of money equal to the amount of proceeds obtained as a result of the healthcare fraud.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

17
Case 2:23-cr-00113-PP-SCD    Filed 06/21/23    Page 17 of 18    Document 1

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL:

FOREPERSON
Dated: 6/21/23

*/s/ Gregory J. Haanstad*
GREGORY J. HAANSTAD
United States Attorney