UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      Case No. 23-CR-113-PP-SCD

MARKITA BARNES,

    Defendant.

### REPORT AND RECOMMENDATION ON DEFENDANT'S
### MOTION TO DISMISS COUNTS ELEVEN, TWELVE, AND NINETEEN

Markita Barnes has moved to dismiss three counts of a twenty-count indictment returned against her. Barnes argues that Counts Eleven and Twelve—each charging aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1)—should be dismissed for failure to state a claim in light of *Dubin v. United States*, 599 U.S. 110 (2023). Def.'s Mot., ECF No. 20 at 7–11. She contends that Count Nineteen—charging obstruction of a health care fraud investigation in violation of 18 U.S.C. § 1518—alleges two separate offenses within a single count, and therefore, should be dismissed for duplicity. *Id.* at 11–13. The government filed a brief opposing the motion, ECF No. 24, and Barnes filed a brief in reply, ECF No. 28. The matter is assigned to United States District Judge Pepper for trial and to me for resolving pretrial motions. *See* 28 U.S.C. § 636; Fed. R. Crim. P. 59; E.D. Wis. Gen. L. R. 72.

### LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). When considering a motion to dismiss an indictment, a court assumes all facts in the indictment are true and must

"view all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). An indictment is sufficient if it: "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *United States v. Ramsey*, 406 F.3d 426, 429 (7th Cir. 2005). "The question before a court on a motion to dismiss is not whether the indictment alleges sufficient facts from which a jury could find that a defendant violated a given statute, but whether the Government 'conceivably could produce [such] evidence at trial.'" *United States v. Segal*, 299 F. Supp. 2d 840, 844 (N.D. Ill. 2004) (citing *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1977)).

## DISCUSSION

The government accuses Barnes of executing a scheme to defraud Wisconsin Medicaid by billing for services that her prenatal care company never provided. ECF No. 24 at 2. I already denied Barnes' motion for a bill of particulars regarding the same charges she attacks in the present motion to dismiss. *See* ECF No. 19 (noting that motions for a bill of particulars ask the same key question as challenges to the sufficiency of an indictment). Because Barnes' arguments are somewhat more developed at this time, I will review the charges once again.[1]

I.  **Counts Eleven and Twelve: Aggravated Identity Theft**

Barnes contends that the Supreme Court's ruling in *Dubin* clearly prohibits a charge of aggravated identity theft for her alleged conduct. ECF No. 20 at 11 n.2. In *Dubin*, the Supreme

---

[1] The government contends that Barnes improperly attempts to support her motion to dismiss with evidence from outside the four corners of the indictment. ECF No. 24 at 9 n.3. "An indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) (per curiam). Consistent with this principle, I do not find it necessary to look beyond the face of the indictment in resolving the motion to dismiss.

2

Court determined that the "use" of another person's means of identification must be "at the crux of what makes the conduct criminal." 599 U.S. at 131–32. Dubin did not meet that standard because the government alleged that he overbilled Medicaid for services actually performed, such that the patient's means of identification were merely an ancillary part of the fraudulent activity. *Id.* at 113. Similarly, Barnes maintains that her clients' means of identification were merely ancillary to her billing practice. ECF No. 20 at 10. She claims that "active theft and misappropriation from that theft are required to sustain a charge." *Id.*; *see also* ECF No. 28 at 3 (conceding that active theft is not required if there is a misappropriation of the identity). Finally, Barnes claims that she is one the individuals that the *Dubin* ruling sought to shield from this charge's mandatory minimum sentence because she has no criminal background and stands accused of fraudulently billing relatively low amounts. ECF No. 20 at 10–11.

According to the government, the clients' identifying information was at the crux of Barnes' underlying fraud because "it was the operative information Barnes needed to get paid." ECF No. 24 at 15. The government accuses Barnes of bribing women with young children into sharing their means of identification by giving them baby gifts like car seats and diapers. ECF No. 1 at 4. Allegedly, Barnes then back-billed Medicaid for services she never provided. *Id.* at 3–4. On their face, these facts state a claim under *Dubin*.

Barnes' alleged conduct is not an example of "garden-variety overbilling." *Dubin*, 599 U.S. at 122. She did not "provide a service to a client while merely misrepresenting how the service was performed to inflate the bill." *United States v. Gladden*, 78 F.4th 1232, 1246 (11th Cir. 2023). According to Barnes, the indictment contains no allegations that she posed as the clients. ECF No. 20 at 4. She claims that her actions are distinct from those in *United States v.*

3

*O'Lear*, for example, where the defendant "forged the signatures of a physician and an x-ray technician to make it appear as if these individuals had ordered or conducted the x-rays he billed for." ECF No. 28 at 2 (quoting *O'Lear*, 90 F.4th 519, 533 (6th Cir. 2024). But when a provider submits a claim to Medicaid, that conduct essentially represents to Medicaid that the client authorized the provider to seek payment on the client's behalf for services rendered. Because the government contends Barnes' clients never received services, Barnes' use of their identifying information to claim otherwise is at the crux of the alleged fraud. *See United States v. Iannelli*, No. CR 22-10069-NMG, 2023 WL 7165109, at *2 (D. Mass. Oct. 31, 2023) (finding defendant's authorized use of a signature stamp to issue unauthorized checks to herself constituted a misrepresentation of identity at the crux of the alleged fraud). Accordingly, under the framework articulated in *Dubin*, the government has stated a claim for aggravated identity theft in Counts Eleven and Twelve.

## II. Count Nineteen: Obstruction of a Health Care Fraud Investigation

Barnes argues that Count Nineteen is duplicitous because the government relies on statements from two employees about different ways in which Barnes encouraged them to cause former clients to lie to investigators. ECF No. 20 at 12–13. She claims the differences in these employees' statements constitute two distinct offenses. *Id.* The government maintains that Count Nineteen permissibly charges the commission of a single offense—obstructing a health care fraud investigation by instructing employees to furnish false information to investigators. ECF No. 24 at 21.

"A charged count is 'duplicitous if it charges two or more distinct offenses within the count.'" *United States v. Rogers*, 44 F.4th 728, 736 (7th Cir. 2022) (quoting *United States v. O'Brien*, 953 F.3d 449, 454 (7th Cir. 2020)). "A count is not duplicitous, however, if it charges

4

the commission of a single offense through different means." *O'Brien*, 953 F.3d at 454 (citing Fed. R. Crim. P. 7(c)(1)). "This rule necessarily contemplates that two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count without offending the rule against duplicity." *United States v. Berardi*, 675 F.2d 894, 898 (7th Cir. 1982) (citing *United States v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978)). "The dangers posed by a duplicitous indictment include the possibility that the defendant may not be adequately notified of the charges against him, that he may be subjected to double jeopardy, that he may be prejudiced by evidentiary rulings at trial, and that he may be convicted by a less than unanimous verdict." *Id.* at 899.

Barnes' duplicity argument may be thwarted altogether by interpreting the employee conversations as a continuing course of conduct. *See United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006) ("Where the indictment 'fairly interpreted' alleges a 'continuing course of conduct, during a discrete period of time,' the indictment is not prejudicially duplicitous.") (quoting *Berardi*, 675 F.2d at 898). But even if the conversations are distinct enough to constitute commission of a crime by two different means, any unanimity concerns can be resolved with appropriate jury instructions and/or a special verdict form. *See* ECF No. 24 at 21; *United States v. Starks*, 472 F.3d 466, 470–71 (7th Cir. 2006). Barnes has not explained why those remedies would be inadequate. She claims that the government ignores the distinct characteristics between the alleged conversations—alleging they lack a common underlying motive. ECF No. 28 at 4. But this argument delves far beyond the face of the indictment. *See White*, 610 F.3d 956, 958. Accordingly, her motion to dismiss based on duplicity should be denied.

## CONCLUSION

For all the foregoing reasons, the court **RECOMMENDS** the district judge **DENY** the defendant's motion to dismiss, ECF No. 20. The court directs the parties' attention 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation. Objections must be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the district judge in writing.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge