UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                      Case No. 23-CR-113-pp

MARKITA BARNES,

        Defendant.

---

**AMENDED CRIMINAL PRETRIAL ORDER**

---

In preparation for trial, the court **ORDERS** that all counsel who will try this case must meet and confer and must make a good-faith effort to prepare a single final pretrial report. The parties must file that final pretrial report no later than **October 16, 2025**, and the principal burden for filing the report rests with counsel for the government. The final pretrial report must include the following:

    1.    A brief summary of the charges against the defendant, which the court will read to the *venire* during jury selection to inform them of the nature of the case and the identities of the parties;

    2.    The anticipated length of the trial;

    3.    Any stipulations the parties have reached;

    4.    The name, occupation, and city of residence of each potential witness;

5. A short narrative statement detailing the background and qualifications of any expert witness whom either party expects to testify;

6. A complete list of all exhibits the parties expect to offer or reference during the trial. The parties shall pre-mark all exhibits, using the numbering system the court has laid out in its procedures. See www.wied.uscourts.gov/judges/pamela-pepper (Tips for Practicing Before Judge Pepper, page 8, §VI(H). The parties shall disclose, and provide to, opposing counsel copies of the exhibits they plan to use at trial. If both parties plan to use the same exhibit, the parties shall mark that exhibit with only one exhibit number;

7. Proposed nonstandard *voir dire* questions. See www.wied.uscourts.gov/judges/pamela-pepper (Tips for Practicing Before Judge Pepper, page 9-10, §VII(F);

8. The full text of each proposed Seventh Circuit pattern jury instruction and any proposed non-pattern instructions;

9. A proposed verdict form;

10. A statement regarding whether the parties want the court to provide a court reporter; and

11. A statement as to how many alternate jurors the parties wish to select.

If, after making a good-faith effort, the parties can't agree on particular *voir dire* questions, jury instructions, or forms of verdict, the party proposing the contested questions, instructions or verdict forms must file his or her

proposals separately, and must include any case law, argument or other legal support for those proposals. The parties must file their exhibit lists, *voir dire* questions, jury instructions, and verdict forms as PDF attachments to the final pretrial report. In addition, the parties must e-mail a Word version of each of those documents to PepperPO@wied.uscourts.gov. The Word version of the jury instructions must include the *full text of every instruction*, including the Seventh Circuit pattern instructions.

The government and defendant's expert disclosures are due by **September 29, 2025**.

Any party wishing to file motions *in limine* and/or Daubert motions must do so **by October 3, by 2025**; responses are due **by October 10, 2025** replies are due **by October 15, 2025.**

Parties planning to present their evidence electronically shall contact chambers **at least a week** before trial, to schedule a time to come into the courtroom and test their equipment.

Dated in Milwaukee, Wisconsin this 24th day of February, 2025.

        **BY THE COURT:**

        _____
        HON. PAMELA PEPPER
        **Chief United States District Judge**