UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: October 23, 2025
JUDGE: Pamela Pepper
CASE NO: 2023-cr-113
CASE NAME: United States of America v. Markita Barnes
NATURE OF HEARING: Final pretrial conference
APPEARANCES: Julie Stewart – Attorney for the government
Nicole Masnica – Attorney for the defendant
Markita Barnes – Defendant
COURTROOM DEPUTY: Justin Dreikosen
COURT REPORTER: Thomas Malkiewicz
TIME: 4:16 p.m. – 5:25 p.m.
HEARING: Jury Trial –Day 1, November 10, 2025, 8:30 a.m.

The court explained that it had scheduled this final pretrial conference ahead of the two-week jury trial scheduled to begin November 10, 2025

The court addressed the government's consolidated motions *in limine* (Dkt. No. 47). The court granted each part and subpart of the government's motion but reminded the parties that if circumstances at trial warranted it, the parties could object to individual lines of questioning.

The court addressed the defendant's motion *in limine* (Dkt. No. 49). The court denied both parts of the motion and stated that it will not allow any cross-examination about sociological and economic research on the link between luxury spending and race.

The parties discussed the length of the trial and confirmed the parties' estimate that the case can be tried within the two weeks (nine trial days) that the court currently has calendared. The court asked that if either party made changes to its witness and/or exhibit lists, the parties file the final list as soon as possible, and no later than a day or so before trial.

The court addressed the parties' proposed stipulations. The court asked that, prior to deliberations, the parties prepare a set of stipulations for the jurors.

As to the parties' proposed jury instructions, the court deferred ruling until trial. The court expressed concern with the defendant's proposal to instruct the jury with separate substantive jury instructions for each count; the court stated that it was willing to hear the parties out on the issue at trial.

1

The court flagged the issue with using victims' initials on the verdict form and the possible juror confusion that could cause but stated that the government could propose an alternative at trial.

The court discussed the parties' proposed *voir dire* questions and stated that it would follow its practice of asking follow-up questions at side bar. The court stated that it would modify the proposal to ask jurors about strong feeling about waste and abuse in the Medicaid program. As for the parties' remaining proposed questions, the court advised it had no issue asking those questions.

The court advised the parties that it would prepare a draft script of the opening proceedings—including *voir dire* and opening instructions—and would provide the draft to the parties for their review ahead of the trial.

The court discussed logistics of the trial including the process of jury selection, jurors taking notes, side-bar conferences and exhibits. The court advised the parties that it will provide a court reporter and will request a *venire* sufficient to allow for selection of two alternate jurors; it advised the parties to think about how they want to handle stipulations.

The court instructed the parties to contact chambers in advance of the first day of trial to test any electronic equipment they plan to use at trial. Parties should bring with them all equipment they plan to use as well as any technical support staff.

The parties agreed to the court's proposed modified trial schedule—starting the day at 8:00 a.m. and breaking for the day in the mid-afternoon. For the first day of trial, the court confirmed that the parties should be in court at 8:30 a.m. with the jury selection process beginning at 9:00 a.m.[1] The court stated it would not hold court on Tuesday, November 11, 2025.

The court ordered that witnesses be excluded from the courtroom during trial with the exception of case agent and the defendant.

The court placed the defendant under oath, questioned the defendant and confirmed that she understood that the government had made a plea offer. The defendant confirmed that she had received that offer and had (of her own

---

[1]After the hearing, the court ascertained that the federal courthouse does not open to the public until 8:00 a.m. On the morning of November 10, the court will discuss with the parties the logistics of starting the trial days as early as possible.

volition) rejected it. The defendant confirmed that she had reviewed the plea offer with counsel but that she wants to proceed to trial.

The court **GRANTS** the government's motion *in limine*, Dkt. No. 47 at I, to prohibit discussion of potential punishment.

The court **GRANTS** the government's motion *in limine*, Dkt. No. 47 at IIa, IIb, IIc, IId, IIe, to preclude argument and inquiry supporting jury nullification.

The court **GRANTS** the government's motion *in limine*, Dkt. No. 47 at III, to admit evidence of the entire fraud scheme.

The court **GRANTS** the government's motion *in limine*, Dkt. No. 47 at IV, to prohibit argument intended to encourage speculation regarding other potential targets or uncharged co-conspirators.

The court **GRANTS** the government's motion *in limine*, Dkt. No. 47 at V, to bar discovery requests or commentary regarding discovery in the presence of the jury.

The court **GRANTS** the government's motion *in limine*, Dkt. No. 47 at VI, to bar the defendant from defining reasonable doubt.

The court **DENIES** the defendant's motion *in limine*, Dkt. No. 49, Number 1, to preclude the government from presenting evidence of luxury spending.

The court **DENIES** the defendant's motion *in limine*, Dkt. No. 49, Number 2, to preclude the government from presenting evidence of the alleged fraud scheme not specifically noticed and detailed in the indictment.

The court **ORDERS** all witnesses for both sides are **EXCLUDED** from the courtroom during testimony, with the exception of the case agent for the government and the defendant.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**