UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: November 12, 2025
JUDGE: Pamela Pepper
CASE NO: 2023-cr-113
CASE NAME: United States of America v. Markita Barnes
NATURE OF HEARING: Trial
APPEARANCES: Kate Biebel – Attorney for the government
Julie Stewart – Attorney for the government
Jill Dring – Case Agent
Nicole Masnica – Attorney for the defendant
Jason Luczak – Attorney for the defendant
Markita Barnes – Defendant
COURTROOM DEPUTY: Justin Dreikosen
COURT REPORTER: Thomas Malkiewicz
TIME: 8:16 a.m. – 3:15 p.m.
HEARING: November 13, 2025 at 8:15 a.m. (Jury Trial, Day 3)

| START – | Morning break – | Lunch break: | End of Day: |
|---|---|---|---|
| 8:16 a.m. | 10:00 – 10:17a.m. | 11:45 a.m. – 12:45 p.m. | 3:15 p.m. |

Outside the presence of the jury, the court asked whether the parties had issues to discuss. The prosecutor reported that she likely would have objections to several exhibits that the defense proposed to introduce during cross-examination of government witness Kimberly Bevers. Defense counsel responded. The court stated it would address the issue as the questions arose.

After the court convened the jury, the government called witness Rory O'Sullivan. The government read **Stipulation #3** (the prosecutor later confirmed she mistakenly said #4); under this stipulation, the government moved to admit, and the court admitted without objection, **Exhibits 2-10** and **40.** The government offered and the court admitted, without objection, **Exhibit 45.**

The government offered and the court admitted, without objection, **Exhibits 43, 44, 46, 47, 48, 49, 50, 51, 54, 55** and **58.** The government read **Stipulation #8**; under this stipulation, the government moved to admit, and the court admitted without objection, **Exhibits 347, 348 and 353-358.**

Defense counsel cross-examined the witness. The defendant moved to admit, and the court admitted without objection, **Exhibits 1332d and Exhibit 1332e.**

1

The court broke for a morning recess from 10:00a.m. to 10:17a.m.

After the break, the defendant continued her cross-examination. The defendant moved to admit, and the court admitted without objection, **Exhibit 1148m.** The defendant moved to admit, and the court admitted without objection, **Exhibit 1332n.** The government conducted re-direct examination of the witness.

The government called witness Ceona Gordon. During this witness's testimony, the government read **Stipulation #7**; under this stipulation, the government moved to admit, and the court admitted without objection, **Exhibits 352 and its sub-Exhibits 352A-Z and 352AA-AS.**

The court broke for lunch from 11:45 a.m. to 12:45p.m.

After lunch, as the parties were waiting for the jurors to return to the courtroom, the government raised an issue with defense counsel's cross of witness O'Sullivan—specifically regarding defense counsel's questions about an alleged *de minimis* exception to the anti-kickback statute. The prosecutor reminded the court that at sidebar, defense counsel had mentioned a document supporting her questions. The prosecutor stated that during the break, it had learned that the *de minimis* exception referenced by defense counsel is not applicable to the federal *criminal* anti-kickback statute. The court stated that, after testimony today, it would address several of its concerns with defense counsel's cross-examination of Mr. O'Sullivan, including the fact that it could not rule on objections like this one without seeing the documents upon which defense counsel was relying.

After the court reconvened the jury, the government continued its examination of witness Ceona Gordon. Defense counsel cross-examined the witness. The government conducted re-direct examination of the witness.

The government called witness Kimberly Bevers. Through this witness, the government read **Stipulation #4**; under this stipulation, the government moved to admit, and the court admitted without objection, **Exhibits 11, 15 and 36-39**.

The court excused the jury at 2:54 p.m., instructing them to reconvene at 8:15 a.m. tomorrow.

Outside the presence of the jury, the court addressed its scheduling concerns with the parties. At defense counsel's suggestion, the court stated it

2

Case 2:23-cr-00113-PP    Filed 11/12/25    Page 2 of 3    Document 85

would consider telling the jury that, starting next week, the schedule may be amended to allow for longer days.

Concerning the cross-examination of witness O'Sullivan, defense counsel provided the court with a copy of a document Bates stamped BARNES_USAO_00017371-17379. Defense counsel clarified that her questions to O'Sullivan were based on the information on page BARNES_USAO_00017376.

The prosecutor explained that she objected to defense counsel's questioning because (a) the *de minimis* exception does not apply to the federal *criminal* anti-kickback statute and (b) in any event, the exception does not apply to cash or cash equivalents. Defense counsel responded that she did not intend to argue that the *de minimis* exception applies in this case; she said she was trying to make the point that other federal programs do allow incentives or have exceptions to kickback prohibitions. She stated that this fact reflected on the defendant's state of mind—her reason to believe that what she was doing was not wrong. The court stated that defense counsel was free to question the defendant (if she chooses to testify) about things she saw or heard and her interpretations of what she saw or heard, but that it would not allow the defendant to elicit testimony about, or present evidence of, other programs where referrals or incentives are legal. The issue is whether incentives, referrals or kickbacks are illegal in the PNCCC and CCC programs for which the defendant was a provider.

The government additionally expressed concern about documents defense counsel had provided the government last night regarding government witness Armonee Edwards—specifically, documents relating to a contact she'd had with the criminal justice system. Defense counsel stated she had marked the documents as exhibits in the event they were needed to refresh recollection. The court recounted its pretrial ruling prohibiting the defense from implying that the government had had anything to do with any charges being dismissed against Ms. Edwards, but said that it could not preemptively rule on any other possible questions until it heard them.

The court stood in recess at 3:15 p.m.

3

Case 2:23-cr-00113-PP    Filed 11/12/25    Page 3 of 3    Document 85